IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Irby Gene Dewitt, | ) | Civil Action No. 4:09-70083 |
| | ) | Criminal No. 4:04-795 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of three *pro se* motions to modify or correct a sentence filed by Irby Gene Dewitt ("petitioner").

On March 2, 2005, the petitioner was charged with two counts of criminal conduct in Superseding Indictment 4:06-795. On July 11, 2005, the petitioner plead guilty to Count 1 and Count 2 of the indictment. (Doc. #107). Count 1 charged the petitioner with armed robbery in violation of 18 U.S.C. §§ 1951(a) and (2), and Count 2 charged the petitioner with using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). On December 20, 2005, the petitioner was sentenced to 240 months of imprisonment as to Count 1, and 312 months of imprisonment as to Count 2, to run concurrently, for a total sentence of 312 months of imprisonment. The petitioner was also sentenced to five years of supervised release. Judgment was entered in the petitioner's case on January 18, 2006. (Doc. #127).

The petitioner did not file an appeal of his conviction to the Fourth Circuit Court of Appeals. On October 1, 2007, the petitioner filed a motion captioned "Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60 (a)." (Doc. #141). The petitioner then filed a motion for summary judgment in regard to this motion on April 23, 2009. (Doc. #142). On

August 6, 2009, the petitioner filed a motion captioned "Motion to Modify/Correct Petitioner's Sentence." (Doc. #143). Though the petitioner captioned this motion as a motion pursuant to 28 U.S.C. § 2241, the Clerk of Court docketed the motion as a motion to vacate pursuant to 28 U.S.C. § 2255 and assigned a corresponding civil action number. (Doc. #143). The United States of America ("Government") filed its response to the petitioner's motion and motion to dismiss on December 9, 2009. (Doc. #147). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed December 11, 2009 that he had thirty-four days to file any material in opposition to the Government's motion to dismiss. (Doc. #148). The petitioner filed a response to the Government's motion to dismiss on January 5, 2010. (Doc. #150). This matter is ready for disposition.

**RECLASSIFICATION AS MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255**

In his first motion, captioned as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(a), the petitioner asserts that he was incorrectly sentenced as a career offender because one of the two predicate convictions used to classify the petitioner as a career offender, a 1998 state conviction for second degree burglary, was not considered as a violent offense by the state of South Carolina. (Doc. #141). The petitioner asserts, therefore, that the state second degree burglary offense should not be classified as a violent offense under the federal sentencing guidelines. (Doc. #141). The petitioner raises the same contention in his motion for summary judgment, (Doc. #142), and the "Motion to Modify/Correct Petitioner's Sentence." (Doc. #143). As noted above, the petitioner has filed the "Motion to Modify/Correct Petitioner's Sentence" pursuant to 28 U.S.C. § 2241. (Doc. #143).

A motion filed pursuant to 28 U.S.C. § 2241 "generally challenges the execution of a federal

2

prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers," and is "filed in the district where the petitioner is incarcerated." Manigault v. LaManna, 2006 WL 1328780 *2 (D.S.C. 2006). Courts have noted that "[i]n contrast, § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence and is filed in the district where the prisoner was sentenced." Id. In addition, "[a]pplications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgment and sentences unless there is a showing that the remedy is inadequate or ineffective." Clark v. Craig, 2009 WL 159317 *3 (S.D. W.Va. 2009) (citing In Re Jones, 26 F.3d 328, 333 (4th Cir. 2000)). Section 2255 contains a "savings clause" providing that "when § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241." In Re Jones, 26 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255(e)). However, the Fourth Circuit has noted that "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." Id. The Fourth Circuit has held that application of the savings clause is limited to situations in which: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Id. at 333-34.

The petitioner has not shown that any of these conditions apply to this action. Rather, the claims raised in the petitioner's motions are claims that should be filed in a motion to vacate or correct a sentence pursuant to 28 U.S.C. § 2255. The Court concludes that it is appropriate to

3

reclassify the pending motions, (Docs. #141, #142, #143), as motions filed pursuant to 28 U.S.C. § 2255. See Coleman v. Brooks, 133 Fed. Appx. 51 *1 (4th Cir. 2005) (noting that the district court properly construed four of five claims brought in § 2241 petition as claims arising under § 2255); James v. Stansberry, 2009 WL 320606 *1 (E.D. Va. 2009) (petitioner "cannot avoid the limitations on successive § 2255 motions simply by styling his attack on his conviction and sentence as a petition under 28 U.S.C. § 2241"); Clark v. Craig, 2009 WL 159317 *3 (S.D. W.Va. 2009) (court noted claims brought pursuant to § 2241 should be considered as application pursuant to § 2255); United States v. Glass, 317 F.2d 200 (4th Cir. 1963).

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a

4

basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motions, and finds that no hearing is necessary.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th

Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

## DISCUSSION

In support of its motion to dismiss, the Government contends that the petitioner's motion for post-conviction relief is barred because he filed it more than one year after his conviction became final. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a defendant must bring any federal habeas corpus petition. 28 U.S.C. § 2255. The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). When there is no direct appeal, the judgment of conviction becomes final ten days from the date that judgment is entered. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. App. P. 4(b)(1)(A), Fed. R. App. P. 26(a), Fed. R.

6

Crim. P. 45(a). The petitioner filed no direct appeal in this case. Judgment was entered in this action on January 18, 2006. (Doc. #127). According to the rules for computation of time found in Federal Rule of Criminal Procedure 45(a), Judgment in the petitioner's case became final on Monday, January 30, 2006.[1] Thus, the petitioner had until January 30, 2007 to file a petition under 28 U.S.C. § 2255. The petitioner filed the three motions now before this Court on October 1, 2007, April 23, 2009, and August 6, 2009, respectively. (Docs. #141, #142, #143). Thus, the earliest motion was filed eight months after the expiration of the statute of limitations for filing an action pursuant to 28 U.S.C. § 2255. Absent an exception to the one-year statute of limitations governing motions filed under 28 U.S.C. § 2255, the petitioner's claims are barred as untimely.

The one-year statute of limitations for 28 U.S.C. § 2255 petitions is subject to the doctrine of equitable tolling. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). The doctrine allows a federal court to forego a strict application of a statute of limitations in the interests of equity. See Harris, 209 F.3d at 330. However, the doctrine of equitable tolling does "not extend to garden variety claims of excusable neglect." Rouse, 339 F.3d at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, the petitioner may invoke relief under the doctrine in two generally distinct situations. Harris, 209 F.3d at 330. The petitioner must show either: (1) the Government engaged in some form of wrongful conduct that prevented the Petitioner from filing his motion; or (2) "extraordinary circumstances" beyond his control made it impossible to file his motion on time. see Id. The doctrine is reserved for "rare instances where . . . it would

---

[1] The Court notes that Fed. R. App. P. 4(b)(1)(A) was amended in 2009 to allow a criminal defendant fourteen days, rather than ten days, to file an appeal. Even if the petitioner were allowed an additional four days under the amended rule, the motions filed in this case are still well outside the applicable statute of limitations.

7

be unconscionable to enforce the limitation against the party and gross injustice would result." Id.

This Court concludes that the petitioner has not shown that application of the doctrine of equitable tolling is appropriate in this action. The petitioner has not alleged that the Government engaged in any wrongful conduct that precluded him from filing his motion within the one-year statute of limitations, nor that any "extraordinary circumstances" beyond his control prevented him from filing his action within the statute of limitations. See Id. In his response to the Government's motion to dismiss, the petitioner asserts that after entering the federal prison system, he was placed in several "IN-Transit" facilities within the Bureau of Prisons. (Pet'rs Resp. at pp. 1-2, Doc. #150). The petitioner asserts that he did not have access to his legal materials while he was in these "IN-Transit" facilities. (Pet'rs Resp. at pp. 1-2, Doc. #150). The petitioner asserts that he was placed in his designated facility on November 21, 2006, after which time he had access to his legal material. Thus, the petitioner has acknowledged that he had access to his legal materials several months before the statute of limitations expired. The petitioner also notes that he worked with this Bureau of Prisons case manager in an attempt to have his concerns about his sentence addressed in the months after he arrived at his designated institution. (Pet'rs Resp. at pp. 2-3, Doc. #150) However, the petitioner did not attempt to raise these concerns through direct appeal or through timely motion pursuant to 28 U.S.C. § 2255.

In the present action, the petitioner filed the motions now before this Court after the one-year statute of limitations for such actions had expired. The petitioner has failed to satisfy the requisite elements of the doctrine of equitable tolling which might otherwise excuse Petitioner's untimeliness. Accordingly, the petitioner's motions are barred by the one-year statute of limitations governing federal habeas corpus petitions.

Additionally, the Court notes that the petitioner would not be entitled to relief even if his petition had been timely filed. The petitioner asserts that the Court erroneously sentenced him as a Career Offender pursuant to U.S.S.G. § 4B1.1. The petitioner asserts that his South Carolina conviction for burglary in the second degree is not a predicate offense for armed career criminal status, because the state of South Carolina classifies second degree burglary as a non-violent offense. However, the Fourth Circuit has held that "the definition of second-degree burglary in South Carolina falls within the generic definition of burglary set forth in Taylor v. United States." United States v. Parker, 195 Fed. Appx. 118, 119 (4th Cir. 2006) (citing Taylor, 495 U.S. 575 (1990)). The Fourth Circuit has further elaborated that the "particular label or categorization under state law is not controlling," and that burglary in the second degree under S.C. Code Ann. § 16-11-312 is a violent crime under 18 U.S.C. § 924(e)(1)). United States v. Jones, 312 Fed. Appx. 559, 560 (4th Cir. 2009). While the above cited cases address predicate offenses for purposes of Armed Career Offender status pursuant to 18 U.S.C. § 924(e) rather than Career Offender status pursuant to U.S.S.G. § 4B1.1, the Court notes that federal law defines a "violent felony" and "crime of violence" under each respective designation in the same manner. United States v. Brunson, 292 Fed. Appx. 259, 262 (4th Cir. 2008); U.S.S.G. § 4B1.1; U.S.S.G. § 4B1.2; 18 U.S.C. § 924(e)(2)(B). Thus, the petitioner's South Carolina conviction for burglary in the second degree constitutes a crime of violence under federal law despite the non-violent designation by the state. For this reason, the petitioner would not be entitled to relief on the merits of his claim.[2]

---

[2] The record indicates that the petitioner was also sentenced for assault and battery with intent to kill at the time he was sentenced for burglary in the second degree, and that the convictions appear to stem from the same incident. (PSR at ¶ 47). The petitioner does not dispute that he was previously convicted of a serious drug offense. (PSR at ¶ 45). Therefore, it appears that either the conviction for burglary in the second degree or the conviction for assault and battery with intent to kill could be used as the second qualifying offense under which the petitioner would be classified as a Career Offender pursuant to U.S.S.G. § 4B1.1.

## **CONCLUSION**

For the foregoing reasons, the petitioner's pending motions for relief, (Docs. #141, #142, #143), are **DENIED**; and the Government's motion to dismiss is **GRANTED**. (Doc. #147). This matter is **DISMISSED** with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. The petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

May 4, 2010
Florence, South Carolina