IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Irby Gene Dewitt, | ) | Civil Action No. 4:11-70013 |
| | ) | Criminal No. 4:04-795 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Irby Gene Dewitt (hereinafter "Petitioner" or "Defendant").

On March 2, 2005, the Petitioner was charged with two counts of criminal conduct in a Superseding Indictment. (Doc. # 44). On July 11, 2005, the Petitioner plead guilty to Counts 1 and 2 of Superseding Indictment. (Docs. # 103, #106 & # 107). Count 1 charged Petitioner with obstructing and affecting commerce by robbery in violation of 18 U.S.C. Section 1951(a) and 2. Count 2 charged Petitioner with using and carrying a firearm, during and in relation to, and possessing the firearm in furtherance of a crime of violence in violation of 924(c)(1)(A) and 2. Following his plea Petitioner was sentenced on December 20, 2005 to 240 months imprisonment as to Count 1, and 312 months imprisonment as to Count 2, with such terms to run concurrently, for a total aggregate sentence of 312 months imprisonment, to be followed by 5 years of supervised release (consisting of 3 years as to Count 1 and 5 years as to Count 2, all such terms to run concurrently). The Judgment was entered on January 18, 2006. (Doc. #127). The Petitioner did not file an appeal of his conviction to the Fourth Circuit Court of Appeals.

1

Petitioner did file several motions including: "Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(a)," "Motion for Summary Judgment," and "Motion to Modify/Correct Petitioner's Sentence" pursuant to 28 U.S.C. §2241, all raising the same claim that he was improperly classified as a career offender based partly on his prior South Carolina conviction for burglary in the second degree. This Court reclassified Petitioner's various motions as motions filed pursuant to 28 U.S.C. § 2255, and denied the motions by Order filed on May 5, 2010 with Judgment entered on the same day. Petitioner appealed this Court's Order, and the Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal on October 27, 2010.

On January 21, 2011, Petitioner filed the current 28 U.S.C. § 2255 motion.[1] (Doc. # 178). On February 2, 2011, the Government filed a motion to dismiss and a supporting memorandum in opposition to Petitioner's petition. (Doc. # 183). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed February 4, 2011 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 186). Petitioner filed a response on February 15, 2011. (Doc. # 188). Additionally, Petitioner filed a motion to supplement his pleadings under Rule 15(d) of the Federal Rules of Civil Procedure with his supplemental

---

[1]The Court notes that under certain circumstances this current 2255 motion could be considered a "second or successive motion" under 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h), requiring that he first seek an order from the Fourth Circuit Court of Appeals authorizing this Court to consider his current motion. However, after review it does not appear from the record that Petitioner was warned of the consequences of this Court's recharacterization of his previous motions as 2255 motions, nor was he given the opportunity to withdraw or amend his pleadings accordingly under Castro v. United States, 124 S.Ct. 786 (2003). Therefore, out of an abundance of caution, this Court will consider this §2255 as filed and not assume that it is a successive petition.

However, the Court does note that by Order filed January 11, 2011, the Fourth Circuit Court of Appeals denied Petitioner's request to authorize a second or successive petition. If this Petition is successive (and not relieved from being so based on the failure to enter a Castro Order before ruling on Petitioner's earlier filed motions as a § 2255 Petition), then this Court is without jurisdiction to Petitioner's Motion.

materials incorporated into his motion. (Doc. # 189). The Court granted Petitioner's request by order filed April 11, 2011 and ordered the Government to respond to the supplemental materials within 45 days. (Doc. # 190). The Government responded to the supplemental materials on May 6, 2011. Petitioner filed a "reply brief" to the Government's filing on May 17, 2011. Out of an abundance of caution, a second Roseboro Order was issued on May 20, 2011. Petitioner resubmitted a copy of his "reply brief" initially filed on May 17, 2011. The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano,

3

334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved to dismiss Petitioner's Petition, including all supplemental filings, in its entirety. (Docs. # 183 & # 192). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4

do not suffice." Id.

## DISCUSSION

Petitioner asserts a single ground for relief in his initial petition set forth verbatim below:

New Recognized Right
I was convicted for 2nd Degree Burglary in the State of South Carolina S.C. Code 16-11-312. After being indicted and pleading guilty to me Federal offense, the P.S.R. investigator determined that my prior conviction were [sic] for a crime of violence. The P.S.I. determined that my 2nd Degree Burglary was a crime of violence according to the Sentencing Guidelines defined in 4b1.2. On December 20, 2005 the Court adopted the P.S.R. defination [sic] that the 2nd Degree Burglary was a crime of violence according to South carolina statue [sic] 16-11-312.

In his subsequent filings, Petitioner also asserts that his conviction for distribution of crack cocaine is not an appropriate predicate offense for career offender purposes, as Petitioner does not recall having counsel. The Government opposes Petitioner's motion (and his supplemental filings) and asks that this Court dismiss Petitioner's 28 U.S.C. § 2255 petition in its entirety as untimely under the applicable statute of limitations.

## LAW/ANALYSIS

28 U.S.C. § 2255 allows a prisoner claiming the right to be released on the basis that his sentence was imposed in violation of the Constitution or laws of the United Sates to move the Court in which his sentence was imposed to vacate, set aside, or correct the sentence. However, under 28 U.S.C. § 2255(f), a one year period of limitation applies to any motion filed under Section 2255. The limitation period runs from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court,

5

>> if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When a defendant does not file a direct appeal, the judgment of conviction becomes final when the time for filing an appeal expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006)(unpublished opinion); Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004); United States v. Plascencia, 537 F.3d 385 (5th Cir. 2008). In this case, Petitioner did not file a direct appeal. He was sentenced on December 20, 2005, and the judgment was entered on January 18, 2006. When Petitioner was sentenced the time for filing a direct appeal under Fed. R. App. P. 4(b)(1)(A) was within 10 days after the entry of the judgment.[2] According to the rules for computation of time found in Fed. R. Crim. P. 45(a), the judgment of conviction in Petitioner's case became final on Monday, January 30, 2006, which is also the date the one year limitations period began to run. Thus, under § 2255(f), Petitioner had until January 30, 2007 to file his § 2255 motion. However, Petitioner filed this 2255 motion no earlier than on January 19, 2011, the date he places on his own motion. Thus, Petitioner's motion was not filed until nearly 5 years after his judgment of conviction became final. His motion is untimely by nearly 4 years. Thus, since Petitioner's motion was filed clearly more than one year after his judgment of conviction became final, it is untimely under 28 U.S.C. § 2255, unless any of the other enumerated triggering dates apply.

---

[2] Fed. R. App. P. 4(b)(1)(A) was amended in 2009 to allow a criminal defendant fourteen days, rather than ten days, to file an appeal. Even if Petitioner were allowed an additional four days under the amended rule, his current 2255 motion would still be well outside the applicable statute of limitations.

6

Petitioner does not allege, much less establish, that the Government engaged in any unconstitutional or otherwise illegal action which created an impediment to his making his 2255 motion under § 2255(f)(2). Neither does Petitioner allege under § 2255(f)(4) that the facts supporting his claim for relief could not have been discovered through the exercise of due diligence more than a year before the filing of his 2255 motion.

Rather, Petitioner's entire 2255 motion is based on his claim that the Sixth Circuit's holding in United States v. McFalls, 592 F.3d 707 (6th Cir. 2010) creates a newly recognized right which should be applied retroactively to his case, thereby rendering his South Carolina conviction for second degree burglary invalid as a career offender predicate. Even if this Court agreed with the reasoning in McFalls and determined that it should be applied retroactively, Petitioner's motion would still be untimely because under § 2255(f)(3) the date which triggers the one year limitations period is the date the Supreme Court, not any court of appeals, initially recognizes the right asserted. See generally, Dodd v. United States, 545 U.S. 353, 357 (2005). In McFalls the Sixth Circuit relied on two Supreme Court decisions in ruling that South Carolina second degree burglary did not qualify as a career offender predicate: Begay v. United States, 553 U.S. 137 (2008), decided on April 16, 2008, and James v. United States, 550 U.S. 192 (2007), decided on April 18, 2007. Thus, for Petitioner's 2255 motion to be timely under the 2255(f)(3) it had to have been filed within one year of the latest of these two Supreme Court decisions, that is, by April 16, 2009. Petitioner's 2255 motion was filed no earlier than January 19, 2011, approximately 33 months after the Supreme Court's decision in Begay. Accordingly, the Court concludes that Petitioner's motion is untimely under 2255(f)(3).[3]

Furthermore, Petitioner has made no showing that the doctrine of equitable tolling should

---

[3]The Court has considered Petitioner's assertion that his Petition is timely based on the United States Supreme Court decision in Johnson v. United States, 130 S. Ct 1265 (2010) and finds this position to be with sufficient legal merit.

7

be applied in his case to excuse his untimeliness. See Harris v. Hutchinson, 209 F.3d 325, 330-331 (4th Cir. 2000). Petitioner has not alleged that the Government engaged in any wrongful conduct that precluded him from filing his 2255 motion, nor that any "extraordinary circumstances" beyond his control prevented him from filing his motion within the statute of limitations. Harris, 209 F.3d at 330. The Court's review of the record reveals no viable grounds to invoke equitable tolling.

Therefore, because Petitioner's 2255 motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f), and the doctrine of equitable tolling is inapplicable, the Court concludes that his motion is untimely and should be dismissed on that basis.[4]

---

[4] Additionally, even if the Court were to address the merits of Petitioner's Petition, after careful review and consideration, the Court concludes that Petitioner has the requisite number of convictions to qualify as a career offender. As shown in paragraph 45 of his Presentence Investigation Report ("PSI"), Petitioner was convicted on November 30, 1995, of distribution of crack cocaine. He does not contest the fact that this conviction qualifies as a "controlled substance offense" for career offender purposes under U.S.S.G. § 4B1.2(b). He does assert that he does not recall having counsel for this conviction, but the information in the PSI indicates otherwise where it notes that Petitioner was represented by William Derrick. In United States v. Jones, 150 Fed Appx. 208 (4th Cir. 2005), the Fourth Circuit notes that while a defendant may challenge at sentencing the validity of a prior conviction used to enhance a sentence on the ground that he was denied counsel, Custis v. United States, 511 U.S. 485, 495-96, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), he bears the "heavy" burden of showing the prior conviction is invalid. In Jones, the Court noted that the Defendant had to overcome the presumption that the state court informed him of his right to counsel as it was required by statute to do. See S.C. Code 17-3-10 (Defense of Indigents Act, approved on June 17, 1969 which states that "any person entitled to counsel under the Constitution of the United States shall be so advised, and if it is determined that the person is financially unable to retain counsel, then counsel shall be provided upon order of the appropriate judge unless such person voluntarily and intelligently waives his right thereto.").
Furthermore, as shown in paragraph 47 of the PSI, Petitioner was also convicted of assault and battery with intent to kill on January 11, 2001, stemming from the same incident which gave rise to his second degree burglary conviction. Petitioner does not contest the fact that assault and battery with intent to kill qualifies as a "crime of violence" for career offender purposes under U.S.S.G. § 4B1.2(a). Thus, based on his convictions for distribution of crack cocaine and assault and battery with intent to kill, the Court concludes that Petitioner was properly classified as a career offender.

## **CONCLUSION**

For the foregoing reasons, the Government's motion to dismiss is **GRANTED** (Docs. # 183 & # 192) and Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DISMISSED** in its entirety as untimely. (Docs. # 178 & # 189).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
August 20, 2012                                   United States District Judge
Florence, SC