IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Irby Gene Dewitt, PETITIONER v. United States of America, RESPONDENT | Crim. No. 4:04-cr-00795-TLW<br>C/A No. 4:14-cv-04284-TLW<br><br>**Order** |
| --- | --- |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Irby Gene Dewitt. For the reasons stated below, the Court dismisses the petition.

## I. Factual and Procedural History

Petitioner pled guilty to Hobbs Act Robbery (Count 1) and possessing and brandishing a firearm during a crime of violence (Count 2), and he was sentenced to a total sentence of 312 months, consisting of 240 months on Count 1 and 312 months on Count 2, with the terms to run concurrently. He did not file a direct appeal.

On October 1, 2007, Petitioner filed his first § 2255 petition.[1] After briefing, the Court dismissed the petition as untimely. ECF No. 151. He filed a direct appeal, which was dismissed by the Fourth Circuit. *United States v. Dewitt*, 399 F. App'x 810 (4th Cir. 2010).

On January 21, 2011, Petitioner filed a second § 2255 petition. ECF No. 178. After briefing, the Court also dismissed this petition as untimely. ECF No. 199. He filed a direct

[1] He eventually filed a total of three motions, ECF Nos. 141, 142, 143, which the Court construed as a single § 2255 petition.

appeal, which was dismissed by the Fourth Circuit. *United States v. Dewitt*, 501 F. App'x 309 (4th Cir. 2012).

Petitioner has also filed several other motions attacking his sentence. ECF Nos. 207, 211, 221. These motions have all been denied. ECF Nos. 209, 213, 222. His appeals from these orders have been dismissed by the Fourth Circuit. *United States v. Dewitt*, 585 F. App'x 83 (4th Cir. 2014); *United States v. Dewitt*, 544 F. App'x 179 (4th Cir. 2013).

Undeterred, Petitioner filed the instant § 2255 petition on or about October 29, 2014,[2] asserting that the Court erred in sentencing him to concurrent sentences for his two counts of conviction. He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this second or successive petition. The Government filed a motion to dismiss, arguing that this § 2255 petition should be dismissed as second or successive, as untimely, and that he is not entitled to relief on the merits. He then filed a response to the Government's motion.

This matter is now ripe for decision.

## II. Discussion

The Court does not have jurisdiction to consider Petitioner's petition. He has filed a previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a second or successive petition. A second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petition is second or successive. He has not received an order from the Fourth Circuit authorizing a second or successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III. Conclusion

For these reasons, the Government's Motion to Dismiss, ECF No. 234, is **GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 230, is **DENIED**. This action is hereby **DISMISSED**.[3]

[3] Even if this petition were not second or successive, it would be subject to dismissal as untimely for the reasons set forth by the Government.

Furthermore, the Government asserts that it is unlikely that Petitioner actually desires the relief he seeks on the merits. If this Court were to revise its judgment and instead impose the current sentences consecutively, he would be looking at a total sentence of 552 months (or 46 years). Alternatively, if the Court imposed a 7-year consecutive sentence on Count 2, as he specifically requests, ECF No. 230 at 2, he would be looking at a total sentence of 324 months, which is

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

June 30, 2015
Columbia, South Carolina

more than his current sentence of 312 months.