UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Irby Gene Dewitt,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:04-cr-00795-TLW-4<br>C/A No. 4:19-cv-03608-TLW<br><br>**Order** |

This matter comes before the Court for consideration of a filing by Petitioner Irby Gene Dewitt in which he alleges that his sentence is illegal. Because this filing challenges his sentence, the Court construes it as a petition for relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court dismisses the petition.

## I.   Factual and Procedural History

Dewitt pled guilty to charges of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). The Court sentenced him as a career offender to 312 months incarceration. ECF No. 127. He did not file a direct appeal.

In October 2007, Dewitt filed his first § 2255 petition.[1] After briefing, the Court dismissed the petition as untimely. ECF No. 151. He filed a direct appeal, which was dismissed by the Fourth Circuit. *United States v. Dewitt*, 399 F. App'x 810 (4th Cir.

---

[1] He eventually filed a total of three motions, ECF Nos. 141, 142, 143, which the Court construed as a single § 2255 petition.

1

2010).

In January 2011, Dewitt filed a second § 2255 petition. ECF No. 178. After briefing, the Court also dismissed this petition as untimely. ECF No. 199. He filed a direct appeal, which was dismissed by the Fourth Circuit. *United States v. Dewitt*, 501 F. App'x 309 (4th Cir. 2012).

Dewitt has also filed several other motions attacking his sentence. ECF Nos. 207, 211, 221. These motions have all been denied. ECF Nos. 209, 213, 222. His appeals from these orders have been dismissed by the Fourth Circuit. *United States v. Dewitt*, 585 F. App'x 83 (4th Cir. 2014); *United States v. Dewitt*, 544 F. App'x 179 (4th Cir. 2013).

In October 2014, Dewitt filed another § 2255 petition, asserting that the Court erred in sentencing him to concurrent terms of imprisonment on his two counts of conviction. ECF No. 230. He had not received permission from the Fourth Circuit to file that petition, so the Court dismissed it as successive. ECF No. 243. He did not file a direct appeal.

In June 2016, after receiving permission from the Fourth Circuit to file a successive petition, Dewitt filed another petition, this time challenging his career offender designation and the use of his Hobbs Act robbery as a predicate offense for his § 924(c) conviction. ECF No. 267. Holding that he could not succeed on either argument, the Court denied his petition. ECF No. 273. He filed a direct appeal, but the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal. *United States v. Dewitt*, 787 F. App'x 824, 824 (4th Cir. 2019).

Dewitt then filed the instant § 2255 petition in which he repeats the assertion from his October 2014 petition that the Court erred in sentencing him to concurrent terms of imprisonment on his two counts of conviction. He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this successive petition.

## II.  Discussion

Because Dewitt has filed a previous § 2255 petition, this one is second or successive.

> A second or successive [§ 2255 petition] must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Dewitt has not received an order from the Fourth Circuit authorizing a second or successive § 2255 petition, the Court does not have jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *see also Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing

3

him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III. Conclusion

For these reasons, Dewitt's petition for relief pursuant to § 2255, ECF No. 312, is **DENIED**.[2] This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Dewitt satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and therefore it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Dewitt is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

---

[2] His filing was initially docketed as a motion at ECF No. 272, but because the Court construes it as a § 2255 petition, it has been redocketed at ECF No. 312.

**IT IS SO ORDERED**.

                                                              *s/ Terry L. Wooten*
                                                              Terry L. Wooten
                                                              Senior United States District Judge

February 8, 2022
Columbia, South Carolina