UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Case No. 4:04-cr-00795-TLW-3 |
| v. | **Order** |
| Irby Gene Dewitt | |

This matter is before the Court on Defendant Irby Gene Dewitt's pro se motions for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 294, 299, 305. For the reasons set forth below, his motions are denied.

Dewitt pled guilty to charges of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). The Court sentenced him as a career offender to 312 months incarceration. ECF No. 127.

Absent certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release statute. That statute provides, in relevant part, as follows:

> [T]he court, . . . upon motion of the defendant . . . , may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . , if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United*

1

*States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—regarding compassionate release motions, and although the policy statement only directly applies to BOP motions, "it remains helpful guidance" for inmates' motions. *United States v. McCoy*, 981 F.3d 271, 287 n.7 (4th Cir. 2020). Notably, § 1B1.13(2) provides that the Court, before reducing a sentence, should determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, the commentary to § 1B1.13 provides four categories of what constitutes extraordinary and compelling reasons for a sentence reduction: (1) the defendant's medical condition; (2) his age; (3) his family circumstances; and (4) a catch-all "other reasons." *Id.* at cmt. n. 1(A)–(D).

While § 1B1.13 may provide guidance, it is not an applicable policy statement, so "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (cleaned up). Ultimately, the determination of whether a case presents extraordinary and compelling reasons warranting a sentence reduction is a question reserved to the sound discretion of the district court. *See United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021) (concluding that compassionate release orders are reviewed for abuse of discretion).

Throughout Dewitt's motions, he sets out a number of reasons why he believes that a sentence reduction is appropriate, including changes in the law that would impact his sentence, his conduct in prison, and health risks from COVID.

The Government opposes Dewitt's motion, arguing that his health issues do not constitute extraordinary and compelling reasons, and that he has failed to demonstrate that he is not a danger to the community or otherwise merits relief under the § 3553(a) factors.[1] ECF No. 308 at 9. In particular, the Government points out that his offense conduct involved multiple victims being threatened at gunpoint, that his criminal record includes convictions for (1) crack distribution; (2) criminal domestic violence; and (3) assault and battery with intent to kill (ABWIK) and burglary, and that he was on probation when he committed the instant offense. *Id.* at 13–14.

In reply, Dewitt references the First Step Act's changes to § 924(c) stacking.[2] ECF No. 309 at 21. He also argues that although "[his] offenses were very serious, and very dangerous, and deserved lengthy incarceration," the time that he has already served satisfies the § 3553(a) factors. *Id.* at 23. He argues that he is not a danger to any other person or the community, has been rehabilitated, and is at risk for COVID. *Id.* He also argues that his 5-year term of supervised release that will follow his incarceration provides an additional guardrail against recidivism. *Id.* at 24.

Dewitt later filed a supplemental memorandum arguing, correctly, that as a result of the Fourth Circuit's decision in *United States v. Green*, 996 F.3d 176 (4th Cir. 2021), he would not be a career offender if he were sentenced today because his

---

[1] The Government filed a motion for extension of time to file its brief. That motion, ECF No. 307, is **GRANTED**.

[2] That is not an issue in his case because he only had one § 924(c) charge.

Hobbs Act robbery conviction is not a crime of violence under the Guidelines. ECF No. 311 at 1.

In considering whether to reduce Dewitt's sentence, the Court has carefully reviewed the Presentence Investigation Report and has considered the statutory penalties, the Guidelines range, applicable caselaw and statutory law, the § 3553(a) factors, and his post-sentencing conduct.[3] The Court concludes that he has not shown that extraordinary and compelling reasons warrant a sentence reduction in light of the § 3553(a) factors.

Dewitt raises various health concerns, but there is no indication that any of them are causing him significant day-to-day difficulties, nor is there any reason to doubt that he is receiving proper treatment by the BOP. There is also no indication that COVID presents a particularly acute risk to him, especially with the vaccine being widely available.[4]

The Court acknowledges Dewitt's rehabilitative efforts and asserted lack of

---

[3] The Court has considered in its analysis each of the arguments he raises, including (1) he would no longer be a career offender under current law; (2) his sentences should have been imposed consecutively, rather than concurrently; (3) he has maintained clear conduct for the past five years; (4) he has displayed an excellent work ethic; (5) he is employed by UNICOR; (6) he has participated in continuing education classes; (7) he has been a model inmate; (8) he has strong family support; (9) he is at risk from COVID due to several health conditions, including high blood pressure, depression, and severe headaches; (10) that the time he has already served satisfies the § 3553(a) factors; (11) he has been rehabilitated and is not a danger to the public; and (12) his supervision term provides adequate oversight.

[4] There is no indication in the record whether he is vaccinated, but it would not help him either way. If he has chosen to get vaccinated, then his risk from COVID has been greatly diminished. If he has not chosen to get vaccinated, that would diminish his argument that he is truly concerned about COVID.

disciplinary history while incarcerated, at least for the last five years.[5] The Court also recognizes that his Guidelines range would be lower today than it was at the time of his sentencing. However, there are numerous significant factors that counsel against a reduction.

1.  Dewitt has a serious, violent record. He was arrested for, and later convicted of, crack distribution at age 17, criminal domestic violence at age 20, and, notably, ABWIK and burglary at age 21. Regarding the ABWIK and burglary, Dewitt and five co-defendants entered Raymond White's residence with the intent to rob him. Two of Dewitt's co-defendants shot White in the back room of the residence, while "Dewitt and the other three co-defendants shot" four other people in the front room. White and two others died. PSR ¶¶ 45–47.

2.  Dewitt committed the instant offense while he was on probation after being released from prison from the ABWIK and burglary convictions. PSR ¶¶ 47, 51.

3.  The instant offense involved more violent conduct, specifically Dewitt and others committing an armed robbery of a Sprint PCS store where multiple victims were held at gunpoint and were forced to lie face down on the floor. Additionally, at least one female victim had her life threatened with a gun held to her head if she did not open the safe. PSR ¶¶ 9–11.

4.  Dewitt received an obstruction adjustment because he recruited his sister, who worked in a hotel, to generate a false hotel receipt to manufacture an alibi defense. PSR ¶¶ 22–25, 27–31.

As referenced, the PSR outlines this conduct in detail. That information is incorporated by reference here.

The Court has carefully considered the factors set forth in § 3553(a) and finds that extraordinary and compelling reasons do not warrant a sentence reduction in Dewitt's case. 18 U.S.C. § 3582(c)(1)(A)(i). This is not a close question. His significant,

---

[5] Neither party submitted his prison disciplinary records.

violent conduct in this case is a continuation of his violent criminal record, particularly the ABWIK and burglary convictions, which, again, involved him and others shooting five individuals, killing three of them.

In summary, Dewitt has committed violent offenses in the past. Specifically, three individuals were killed and two were wounded in shootings that took place in conjunction with his ABWIK and burglary offenses, as discussed above. Then while he was on probation after being released on those convictions, he committed the instant offense—a violent offense committed against a number of individuals who were robbed and threatened at gunpoint. If released, he would pose a significant risk to the safety of the public.

For these reasons, the Court concludes that Dewitt's current 312-month sentence is sufficient, but not greater than necessary, to satisfy the § 3553(a) factors, most prominently the nature and circumstances of the offense, his history and characteristics, reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. Accordingly, his compassionate release motions, ECF Nos. 294, 299, 305, are **DENIED**.[6]

---

[6] He has also requested appointment of counsel to assist him with this motion, but he has not set forth an adequate basis to support that request, so it is denied.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
Senior United States District Judge

February 8, 2022
Columbia, South Carolina