UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Case No. 4:04-cr-00795-TLW-4 |
| v. | **ORDER** |
| Irby Gene Dewitt | |

This matter is before the Court on Defendant Irby Gene Dewitt's *pro se* "Renewed Motion for Compassionate Release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 328. For the reasons below, his motion is **DENIED**.

PROCEDURAL BACKGROUND

Dewitt pleaded guilty to charges of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). The Court sentenced him as a career offender to 312 months incarceration.[1] ECF No. 127.

Since his conviction, Dewitt has pursued several avenues for relief from his sentence. He has filed five motions for habeas corpus under 28 U.S.C. § 2255. These were filed in August 2009, June 2011, November 2014, June 2017, and April 2019, respectively. ECF Nos. 143, 178, 230, 267 & 312. He also filed each of the following motions attacking his sentence: three motions to vacate his judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, ECF Nos. 141, 211 & 221; a motion for summary judgment under Rule 56 of the Federal Rules of Civil

---

[1] A career offender is a defendant who is subject to enhanced penalties at or near the statutory maximum penalty of the offense conviction under the United States Sentencing Guidelines. A career offender is a defendant who commits a crime of violence or a controlled substance offense after two prior felony convictions for those crimes.

Page **1** of **16**

Procedure, ECF No. 142; a motion to reduce his sentence based on substantial assistance to the Government, ECF No. 162, and motions for the appointment of counsel, ECF Nos. 252 & 257. All these motions were either dismissed or denied, and Dewitt's appeals of their disposition have been unsuccessful. *See* ECF No. 151, 165, 167, 199, 206, 209, 213, 219, 222, 229, 243, 248, 253, 258, 273, 292 & 314.

Beginning in 2020, Dewitt pursued a new avenue to pursue relief from his sentence: the compassionate release statute as modified by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). Since then, he has filed five motions for compassionate release, one of which is pending before the Court. ECF No. 294, 299, 302, 305 & 328. In these motions, he has asked for relief based on (1) the consecutive mandatory minimum sentence imposed for his § 924(c), (2) his assertion that his career-offender enhancement was misapplied, and (3) the risks posed by the COVID-19 pandemic. ECF No. 294, 299 & 305.[2] After the Government responded in opposition, Dewitt filed a supplemental memorandum asserting that he would not be a career offender if he were sentenced today under the Fourth Circuit's decision in *United States v. Green*, 996 F.3d 176 (4th 2021), which held that a Hobbs Act robbery is not a crime of violence under the Sentencing Guidelines and thus not a career offender predicate. ECF No. 311.

On February 8, 2022, this Court denied Dewitt's motions for compassionate release. ECF No. 316. In the order, the Court concluded that Dewitt had not met his

---

[2] Dewitt's third motion for compassionate release, ECF No. 302, was based on the risks posed by the COVID-19 pandemic. It was denied without prejudice on August 31, 2020, because Dewitt had not exhausted his administrative remedies as required by the compassionate release statute. After he exhausted these remedies, he filed his fourth motion for compassionate release, ECF No. 305, re-raising the threats posed by the COVID-19 pandemic.

Page **2** of **16**

burden of showing that extraordinary and compelling circumstances warranted a reduction in his sentence and that the § 3553(a) factors weighed against a reduction in his sentence. *Id.* Dewitt appealed this order, which was affirmed by the Fourth Circuit on August 26, 2022. ECF No. 324; *United States v. Dewitt*, No. 22-6194 (4th Cir. Aug. 26, 2022) (per curiam).

Dewitt filed the instant motion for compassionate release, his fifth, on October 6, 2022. ECF No. 328. His motion is titled as his "Renewed Motion for Compassionate Release." *Id.* In it, he asserts "that in light of the Fourth Circuit's decision in *United States v. Green*, 19-4703 2021 U.S. App. Lexis 12844 (4th Cir. April 29, 2021) he will no longer qualify as a career offender." *Id.* at 6. Moreover, he acknowledges that he "states the same argument in this Renewed Compassionate Release Motion" as the one raised in the supplemental memorandum in support of his fourth motion for compassionate release. *Id.* at 7. The Government opposes Dewitt's renewed motion. ECF No. 334. Accordingly, this matter is ripe for decision.

## APPLICABLE LAW

Without certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release statute. That statute provides:

> [T]he court, . . . upon motion of the defendant . . . , may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . , if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "A defendant who seeks compassionate release under

§ 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Sentencing Commission has issued a policy statement addressing compassionate release motions—§ 1B1.13. But before the passage of the First Step Act, compassionate release motions could be filed only by the BOP, so § 1B1.13 by its terms only applies to BOP motions. *See United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020) (explaining the First Step Act's changes to the compassionate release statute). There is no corresponding policy statement addressing compassionate release motions filed by inmates. Thus, in *McCoy*, the Fourth Circuit held that, when considering an inmate's compassionate release motion, § 1B1.13 is not an "applicable policy statement[]." *Id.* at 284. But while § 1B1.13 may not directly apply to an inmate's motion, "it remains helpful guidance." *Id.* at 282 n. 7.

While § 1B1.13 may provide guidance, it is not an "applicable policy statement[]," so "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d. Cir. 2020)) (emphasis in original); *see also United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). Ultimately, the determination of whether a case presents extraordinary and compelling reasons warranting a sentence reduction is a question reserved to the sound discretion of the district court.

## DISCUSSION

In order to provide context to both Dewitt's motion and the Court's decision, the Court will first review the offense conduct establishing Dewitt's current incarceration before reviewing the parties' arguments and conducting its own analysis.

### I. THE OFFENSE CONDUCT AND DEWITT'S SENTENCE

As outlined in the Presentence Investigation Report ("PSR"), on July 2, 2004, Dewitt and several codefendants drove from Marion, South Carolina, to Myrtle Beach, South Carolina, where they committed armed robbery of a Sprint PCS Store. PSR ¶ 9. First, several of Dewitt's codefendants entered the store to stake it out. *Id.* They were soon followed by Dewitt and two other codefendants. *Id.* Once inside, one of Dewitt's codefendants brandished a firearm and forced both customers and employees into the rear of the store, instructing them to lay face down on the floor near the women's restroom. *Id.* ¶ 10.

Dewitt and his codefendants then forced the assistant store manager into an office containing the store's safe. *Id.* During this interaction, one of Dewitt's codefendants held a firearm to the assistant store manager's head and threatened to kill her if she failed to open the safe. *Id.* Because the safe was on a timer, it did not immediately open after the assistant store manager entered the combination. *Id.* Next, Dewitt grabbed the store manager and instructed him to open the safe. *Id.* ¶ 11. The firearm was similarly placed against his head, yet as he walked towards the safe, it opened, and the robbers made off with $278.00. *Id.* ¶¶ 11 & 41.

After Dewitt learned he was wanted by law enforcement in connection with the robbery, he approached his sister, the assistant general manager of a local hotel in Columbia, South Carolina, and had her prepare a false hotel receipt indicating that he was staying at her hotel at the time of the robbery. *Id.* ¶¶ 28, 30. This action was taken in order to manufacture a fictitious alibi. *Id.* That said, this alibi quickly fell apart and Dewitt surrendered to federal agent on April 30, 2005. *Id.* ¶ 29.

On July 11, 2005, Dewitt pleaded guilty to Counts 1 (armed robbery in violation of 18 U.S.C. § 1951(a)) and 2 (using, carrying, and possessing a firearm during, in relation to and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)). *Id.* ¶¶ 3–4. After Dewitt pleaded guilty, the United States Probation Office prepared the PSR in order to calculate his sentence under the advisory sentencing guidelines. The PSR considered Dewitt's prior criminal conduct including convictions for distribution of crack, criminal domestic violence, assault and battery with intent to kill ("ABWIK"), and burglary. *Id.* ¶ 29. His prior conduct, along with the fact that the instant offense took place while he was on probation, gave him a criminal history score of 8 and a criminal history category of IV. *Id.* ¶¶ 51–52. Yet because Dewitt was adjudged a career offender, his criminal history category was revised to VI. *Id.* ¶ 53.

The PSR calculated Dewitt's base offense level to be 20. *Id.* ¶ 58. He received a two-point enhancement because a person was physically restrained to facilitate the commission of the offense. *Id.* ¶ 59. He received a further two-point enhancement for obstruction of justice regarding his manufacture of a false alibi. *Id.*

¶ 60. This brought his total base offense level to 24, though his offense level became a 32 because he was found to be a career offender. *Id.* ¶¶ 63–64. Dewitt did receive a three-level reduction for acceptance of responsibility, bringing his total base offense level to 29. *Id.* ¶¶ 65–66.

Dewitt's career offender designation guidelines range was 151–188 months. *Id.* ¶ 68. His 924(c) conviction, however, mandated that his final guidelines range be the greater of (1) his guidelines range with 924(c)'s 84-month mandatory minimum imposed on top of it or (2) the applicable range listed in U.S.S.G. § 4B1.1(c)(3)'s career offender table. *See* U.S.S.G. § 4B1.1(c)(2)(A). The 84-month mandatory minimum on top of his guidelines range increased his range to 235–272 months imprisonment. PSR ¶ 68. His table range § 4B1.1(c)(3) was 262–327 months imprisonment because he received a three level reduction. *Id.* He was sentenced to 312 months in prison. ECF No. 127.

## II.   THE PARTIES' ARGUMENTS

Before addressing the merits of Dewitt's motion for compassionate release, the Court will first review the arguments put forth by both Dewitt and the Government.

### A.   *Dewitt's Arguments in Support of His Motion*

Dewitt's sole argument in his renewed motion for compassionate release asserts that he would no longer qualify as a career offender if he were resentenced today following Fourth Circuit's decision in *Green*. ECF No. 328 at 6. He therefore requests that the "court modify his sentence to time served[.]" *Id.* at 9.

### B.   *The Government's Opposition*

The Government asserts that Dewitt's motion should be denied for three reasons. ECF No. 334 at 1. First, the Government maintains that Dewitt would remain a career offender if he were sentenced today. *Id.* Second, even assuming that Dewitt were not a career offender today, the Government claims that Dewitt cannot meet the standard for compassionate release because claims of guidelines error cannot amount to "extraordinary and compelling" circumstances under the Fourth Circuit's recent decision in *United States v. Ferguson*, 55 F.4th 262 (4th Cir. 2022). *Id.* Finally, the Government states that Dewitt has presented no circumstances to challenge the Court's conclusion in its February 2022 order that the 18 U.S.C. § 3553(a) factors weigh against granting him relief. *Id.*

### III.   THE COURT'S REVIEW

### A.   *Dewitt's Career Offender Status*

Dewitt requests that the Court grant him compassionate release on the grounds that Hobbs Act Robbery is no longer a crime of violence, and thus he would no longer be a career offender if resentenced today. In reviewing the record and relevant case law, it becomes clear that there is no persuasive merit to this argument.

Under § 4B1.1 of the Sentencing Guidelines, a defendant is a career offender if (1) he was at least 18 years old at the time of the offense of conviction; (2) the offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of

either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Before the instant offense conduct, Dewitt had more than two qualifying predicate convictions for career offender status: distribution of crack cocaine and ABWIK. PSR ¶ 45–47. At the time of his sentencing in 2005, the two convictions Dewitt pled guilty to, Hobbs Act Robbery and 924(c) possession of a firearm in relation to and in furtherance of a crime of violence, qualified as predicate convictions for career offender status.

In his most recent motion for compassionate release, Dewitt reasserts his prior argument that, under the Fourth Circuit's recent decision in *Green*, he would no longer be a career offender if sentenced today.[3] In *Green*, the Fourth Circuit held that a conviction for Hobbs Act Robbery no longer qualifies as a "crime of violence" under the career offender provision of the Sentencing Guidelines. 996 F.3d at 184. While Dewitt is correct that, if he were sentenced today, his Hobbs Act robbery conviction may no longer be a qualifying crime of violence for career offender status, he would remain a career offender. This is because his conviction for possession of a firearm in relation to and in furtherance of a crime of violence under 924(c) is arguably still a crime of violence. His 924(c) conviction in connection with his Hobbs Act robbery, therefore, remains as an independent basis for career offender enhancement. The Court notes that the caselaw may not be totally clear on this question. *Compare United States v. Ingram*, No. CR 3:00-783-JFA, 2022 WL

---

[3] This argument was raised in his supplemental memorandum in support of his fourth motion for compassionate release, ECF No. 311. The Court denied this motion via order dated February 8, 2022. ECF No. 316. That denial was unanimously affirmed by the Fourth Circuit. ECF No. 324; *United States v. Dewitt*, No. 22-6194 (4th Cir. Aug. 26, 2022) (per curiam).

3030748, at *4 (D.S.C. Aug. 1, 2022) ("following the decision in *United States v. Green*, 996 F.3d 176 (4th Cir. 2021), the defendant would not have been considered a career offender for violating the Hobbs Act statute (Count 1). In *Green*, the Fourth Circuit held that a Hobbs Act robbery is not a crime of violence under the career offender guidelines. However, the defendant would still qualify as a career offender under the § 924(c) charge (Count 2)."), *with United States v. Deleon*, 812 F. App'x 948, 952 n.3 (11th Cir. 2020) (rejecting Government's argument that since the defendant's underlying offense to his § 924(c) offense was Hobbs Act robbery, the § 924(c) offense could serve as a crime of violence under the career offender guideline).

Under *Green*, Hobbs Act robbery alone is no longer a qualifying crime of violence for career offender status. *Green*, however, "has no applicability to the issue of whether Hobbs Act robbery still serves a predicate for a § 924(c) conviction." *United States v. Lacy*, No. 1:04-CR-00040-MR-WCM, 2021 WL 5022379, at *3 (W.D.N.C. Oct. 28, 2021). In *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), the Fourth Circuit held that Hobbs Act robbery categorically qualifies as a crime of violence to support a § 924 conviction. *Green* did not change that holding. *See United States v. Bennett*, 848 F. App;x 596, 597 (4th Cir. May 29, 2021) (unpublished) (holding that Hobbs Act robbery is a valid § 924(c) predicate, citing *Mathis*); *United States v. Vanderhorst*, No. 18-4717, 2021 WL 2947728, at *3 (4th Cir. July 14, 2021) (same); *Hallman v. United States*, No. 319-CR-00007-MOC, 2021 WL 2518218, at *3 (W.D.N.C. June 18, 2021) ("*Green* does not

undermine *Mathis*' holding that Hobbs Act robbery is a crime of violence for § 924(c) purposes.").

As noted by the Government, the Court finds there is a basis to conclude Dewitt's "career-offender status is not affected because § 924(c) is still a crime of violence, so his § 924(c) conviction remains an independent basis for the enhancement." ECF No. 334 at 6. Thus, Dewitt would remain a career offender if resentenced today because (1) he was at least 18 years old at the time of the offense of conviction; (2) his Hobbs Act conviction in conjunction with his § 924(c) conviction can be a felony that is a crime of violence under U.S.S.G. § 4B1.1(c)(3),[4] and (3) he has at least two prior felony convictions of a crime of violence or controlled substance offense: his convictions for distribution of crack cocaine and ABWIK. U.S.S.G. § 4B1.1(c)(3); *see also* U.S.S.G. § 4B1.1(a). Accordingly, Dewitt's guidelines sentence range would be the same today as it was at his original sentencing. He therefore cannot establish that extraordinary and compelling circumstances exist warranting relief.[5]

### B. *The Court's review of the § 3553(a) factors*

Assuming *arguendo* that Dewitt could establish "extraordinary and compelling" circumstances, the Court concludes that his motion would still be denied based on an analysis and balancing of the § 3553(a) factors.[6] As discussed in

---

[4] Under the career offender section of the United States Sentencing Guidelines, a 924(c) conviction can remain an independent basis for a career offender enhancement because it is still a crime of violence. Section 4B1.1(c) states: "if the defendant is convicted of 18 U.S.C. § 924(c) or § 924(a), and the defendant is determined to be a career offender under subsection (a)," then the guidelines range shall be determined by that subsection.

[5] Because of this conclusion, there is no need to address the Government's alternative arguments.

[6] The Court has balanced those factors in light of the compassionate release issues not in play at the

Page **11** of **16**

the previous section, the Court concludes that Dewitt remains a career offender. Should this not be the case, the Court concludes that Dewitt's sentence should not be reduced based on an analysis and balancing of the § 3553(a) factors because he still poses a danger—and great risk—to public safety. *See United States v. Crumitie*, No. 1:06-CR-271, 2022 WL 1809312, at *4 (M.D.N.C. June 2, 2022) (denying a defendant's § 3582 petition on the § 3553(a) factors because, even if "Hobbs Act robbery may no longer be a crime of violence for purposes of the enhancement in U.S.S.G. § 4B1.1, the crime Mr. Crumitie committed was, in fact, violent—he brandished a firearm, pointed the firearm at the victim, and threatened the victim.").

In considering whether to reduce Dewitt's sentence, the Court has carefully reviewed Dewitt's PSR and considered the statutory penalties, the Guidelines range, applicable caselaw, and statutory law, the § 3553(a) factors, and his post-sentencing conduct. The Court concludes that he has not shown that extraordinary and compelling reasons warrant a sentence reduction given the § 3553(a) factors.

First, the Court concludes that "the nature and circumstances of the offense" weigh heavily against release or reduction. Along with the § 3553(a) factors, it is appropriate to highlight the facts of the instant offense and Dewitt's criminal history. The Court has already recited the offense conduct *supra*, which is outlined in more detail in Paragraphs 8–40 of the PSR.[7] The Court finds the incident establishing the offense conduct as outlined above and in the PSR to be violent and

---

original sentencing. *Kibble*, 992 F.3d at 335 (Gregory, C.J., concurring).
[7] The Court incorporates these paragraphs in this order by reference.

serious. The instant offense involved significant violent conduct. Dewitt and others committing an armed robbery of a Sprint PCS store where multiple victims were held at gunpoint and were forced to lie face down on the floor. PSR ¶¶ 9–11. Additionally, at least one female victim had her life threatened with a gun held to her head if she did not open the safe. *Id.* On this basis alone, the Court finds that Dewitt would pose a danger to public safety.

The Court has also reviewed Dewitt criminal history in analyzing and applying the relevant § 3553(a) factors. Prior to Dewitt's federal conviction for the instant offense conduct, he was convicted with several other criminal offenses beginning from the age of 17 years old, including for (1) distribution of crack cocaine, (2) criminal domestic violence, (3) ABWIK, and (4) burglary. *Id.* ¶¶ 45–47. In reviewing these convictions, the Court finds it necessary to recite the facts related to Dewitt's ABWIK conviction. *Id.* ¶ 47. At 1:00 a.m. on April 11, 1998, Dewitt, along with five codefendants, entered the residence of Raymond White with the intent to rob Mr. White. *Id.* Once inside, two of Dewitt's codefendants shot Mr. White in the backroom of the residence. *Id.* Meanwhile, in the front room of the residence, Dewitt and his other three codefendants shot Chris Wheeler, Tyrone Godbolt, Satrick Bethea, and Kenneth McBride. *Id.* All but Godbolt succumbed to their injuries. *Id.* The PSR does not make it clear which individual or individuals were shot by Dewitt—but he clearly participated in extremely violent conduct. Dewitt was arrested and convicted of assault and battery with intent to kill along with burglary 2nd degree. *Id.* He was sentenced to 20 years suspended to five years'

probation on the ABWIK conviction and sentenced to 7 years on the burglary conviction. *Id.* Dewitt was also on state probation for these convictions when the instant offense conduct occurred. *Id.* ¶¶ 47, 51.

In sum, Dewitt has committed serious offenses since he was 17 years old—including conduct which involved shooting others. Again, the PSR states, "Dewitt and the other three co-defendants shot Chris Wheeler, Tyrone Godbolt, Satrick Bethea, and Kenneth McBride. Bethea, McBride, and White died as a result of the shooting." *Id.* ¶ 47. His continued criminal conduct, despite his many run-ins with the law, demonstrates his disrespect for the law and his propensity to engage in further criminal conduct.[8] Upon review of the instant offense and Dewitt's criminal history, the Court concludes that § 3553(a)(2) (the need for the sentence imposed) weighs against release. Dewitt's sentence was—and is—necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from any further crimes committed by Dewitt.

As to §§ 3553(a)(3)–(4), the Court has considered the kinds of sentences available and the sentencing range established for the offense. In doing so, the Court notes that Dewitt received a within guidelines sentence of 312 months, which is in the upper half of his guidelines range of 262–327 months. Thus, the Court concludes that these factors also weigh against release.

---

[8] The Court has also considered Dewitt's attempt to manufacture an alibi through the production of a false hotel receipt.

As stated above, given the serious nature of the instant offense and Dewitt's violent criminal history, the sentence imposed was necessary to reflect the seriousness of the offense and to protect the public from any further crimes committed by Dewitt. Thus, the Court's 3553(a) analysis counsels that release is not warranted. It is therefore appropriate to require that Dewitt serve the rest of the sentence imposed.

## CONCLUSION

Based on the seriousness of the instant offense and Dewitt criminal history, the Court concludes that, even under the Fourth Circuit's decision in *Green*, Dewitt would still be a career offender if sentenced today.[9] Therefore, he cannot meet the "extraordinary and compelling" standards. Yet even if he could meet this standard, the Court finds that his motion should still be denied based on an analysis and balancing of the 3553(a) factors because, if released, Dewitt would pose a significant risk to the public. Accordingly, it is the judgment of the Court that Dewitt's Renewed Motion for Compassionate Release, ECF No. 328, is **DENIED**.[10]

---

[9] The Court has given careful and full consideration to the Fourth Circuit's recent per curiam opinion in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the concurring opinions, and has applied those standards in considering this motion. It has also reviewed the Fourth Circuit's recent decision in *United States v. High*, 2021 WL 1823280 (4th Cir. May 7, 2021) and has similarly applied those standards.

[10] To the extent that he seeks an order directing the BOP to grant him an early release to home confinement pursuant to the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), the Court has no discretion to issue such an order. *See, e.g.*, *United States v. Hendrix*, No. 1:10-cr-00067-MR-WCM-2, 2020 WL 2319698, at *1 (W.D.N.C. May 11, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General. The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this." (citations omitted)).

**IT IS SO ORDERED.**

<u>s/ Terry L. Wooten</u>
Terry L. Wooten
Senior United States District Judge

March 24, 2023
Columbia, South Carolina