UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Irby Gene Dewitt | Case No. 4:04-cr-00795-TLW-4<br><br>**ORDER** |

This matter is before the Court on Defendant Irby Gene Dewitt's motion for reconsideration of this Court's order denying his "Renewed Motion for Compassionate Release." ECF No. 338. For the reasons below, his motion is **DENIED**.

## PROCEDURAL BACKGROUND

Dewitt pled guilty to charges of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). In 2005, the Court sentenced him as a career offender to 312 months incarceration.[1] ECF No. 127.

Since his conviction, Dewitt has pursued several avenues for relief from his sentence including five motions for habeas corpus under 28 U.S.C. § 2255, three motions to vacate his judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, a motion to reduce his sentence based on substantial assistance to the Government, and motions for the appointment of counsel, ECF No. 225 at 1–3.

---

[1] A career offender is a defendant who is subject to enhanced penalties at or near the statutory maximum penalty of the offense conviction under the United States Sentencing Guidelines. A career offender is a defendant who commits a crime of violence or a controlled substance offense after two prior felony convictions for those crimes.

All these motions were either dismissed or denied, and Dewitt's appeals of their disposition have been unsuccessful. *Id.* He has also filed five motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), all of which have been denied. *Id.* at 2–3.

Dewitt's fifth and most recent motion for compassionate release requested for relief based on his assertion that he would not be a career offender if he were sentenced today under the Fourth Circuit's decision in *United States v. Green*, 996 F.3d 176 (4th 2021). ECF No. 294, 299, 305, 311.[2] In an extensive order dated March 24, 2023, the Court denied Dewitt's fifth motion after analyzing his arguments and the relevant offense conduct and after balancing the 18 U.S.C. § 3553(a) sentencing factors. ECF No. 335. On April 6, 2023, Dewitt filed his motion for reconsideration. ECF No. 338. It does not ask the Court to reconsider its prior ruling on the merits. Instead, it requests that the Court reduce his sentence by 24 months based on the newly raised argument that he is entitled to relief pursuant to the Supreme Court of the United States' decision in *Alleyne v. United States*, 570 U.S. 99 (2013)—which was issued eight years after Dewitt was sentenced.

## APPLICABLE LAW

"The Federal Rules of Criminal Procedure have no provisions governing motions for reconsideration." *United States v. Fuentes-Morales,* 2017 WL 541052, at *1 (D.S.C. Feb. 10, 2017). "However, the rules and federal case law do recognize such motions can be proper in a criminal setting." *Id.* (citing Fed. R. Crim. P.

---

[2] Dewitt's acknowledged that his fifth motion "states the same argument in this Renewed Compassionate Release Motion" as the one raised in the supplemental memorandum in support of his fourth motion for compassionate release. ECF No. 328 at 7.

57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *United States v. Dieter*, 429 U.S. 6, 8 (1976) ("The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."); *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (stating that motions to reconsider are proper in a criminal setting)). Courts look to the Federal Rules of Civil Procedure for guidance in considering these motions. *Id.*

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.,* 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v.*

*Reynolds*, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

## ANALYSIS

Upon review, the Court concludes that Dewitt offers no basis for reconsideration pursuant to Rule 59. He fails to offer (i) any basis to conclude any asserted basis in the law warrants relief, (ii) any new persuasive evidence, or (iii) any clear legal error or manifest injustice. After reviewing the applicable law and arguments presented in Dewitt's motion to reconsider, the Court finds that Dewitt is not entitled to relief. The Court concludes the reasoning and analysis set forth in its prior order remains a proper basis to deny relief. The Court's decision to deny Dewitt's motion for compassionate relief was based on its determination that (i) there were no extraordinary and compelling reasons to reduce Dewitt's sentence exist and (ii) the §3553(a) factors weighed heavily against a reduction. ECF No. 335.

The argument raised in Dewitt's motion for reconsideration is unrelated to those raised in his most recent motion. In his prior motion, he argued that he is entitled to compassionate relief on the grounds that, if sentenced today, he would no longer be classified a career offender based on the argument that Hobbs Act Robbery is no longer a "crime of violence." ECF No. 328 at 6. According to Dewitt, this change in status constituted "extraordinary and compelling reasons." *Id.* The Government contested this assertion, and the Court denied Dewitt's motion finding that he could not establish "extraordinary and compelling reasons." ECF Nos. 334 &

335. For ease of reading, the Court will graft its ruling on this issue from its prior order into the body of this order:

> Dewitt requests that the Court grant him compassionate release on the grounds that Hobbs Act Robbery is no longer a crime of violence, and thus he would no longer be a career offender if resentenced today. In reviewing the record and relevant case law, it becomes clear that there is no persuasive merit to this argument.
>
> Under § 4B1.1 of the Sentencing Guidelines, a defendant is a career offender if (1) he was at least 18 years old at the time of the offense of conviction; (2) the offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Before the instant offense conduct, Dewitt had more than two qualifying predicate convictions for career offender status: distribution of crack cocaine and ABWIK. PSR ¶ 45–47. At the time of his sentencing in 2005, the two convictions Dewitt pled guilty to, Hobbs Act Robbery and 924(c) possession of a firearm in relation to and in furtherance of a crime of violence, qualified as predicate convictions for career offender status.
>
> In his most recent motion for compassionate release, Dewitt reasserts his prior argument that, under the Fourth Circuit's recent decision in *Green*, he would no longer be a career offender if sentenced today.[3] In *Green*, the Fourth Circuit held that a conviction for Hobbs Act Robbery no longer qualifies as a "crime of violence" under the career offender provision of the Sentencing Guidelines. 996 F.3d at 184. While Dewitt is correct that, if he were sentenced today, his Hobbs Act robbery conviction may no longer be a qualifying crime of violence for career offender status, he would remain a career offender. This is because his conviction for possession of a firearm in relation to and in furtherance of a crime of violence under 924(c) is arguably still a crime of violence. His 924(c) conviction in connection with his Hobbs Act robbery, therefore, remains as an independent basis for career offender enhancement. The Court notes that the caselaw may not be totally clear on this question. *Compare United States v. Ingram*, No. CR 3:00-783-JFA, 2022 WL 3030748, at *4 (D.S.C. Aug. 1, 2022)

---

[3] This argument was raised in his supplemental memorandum in support of his fourth motion for compassionate release, ECF No. 311. The Court denied this motion via order dated February 8, 2022. ECF No. 316. That denial was unanimously affirmed by the Fourth Circuit. ECF No. 324; *United States v. Dewitt*, No. 22-6194 (4th Cir. Aug. 26, 2022) (per curiam).

("following the decision in *United States v.* Green, 996 F.3d 176 (4th Cir. 2021), the defendant would not have been considered a career offender for violating the Hobbs Act statute (Count 1). In *Green*, the Fourth Circuit held that a Hobbs Act robbery is not a crime of violence under the career offender guidelines. However, the defendant would still qualify as a career offender under the § 924(c) charge (Count 2)."), *with United States v. Deleon*, 812 F. App'x 948, 952 n.3 (11th Cir. 2020) (rejecting Government's argument that since the defendant's underlying offense to his § 924(c) offense was Hobbs Act robbery, the § 924(c) offense could serve as a crime of violence under the career offender guideline).

Under *Green*, Hobbs Act robbery alone is no longer a qualifying crime of violence for career offender status. *Green*, however, "has no applicability to the issue of whether Hobbs Act robbery still serves a predicate for a § 924(c) conviction." *United States v. Lacy*, No. 1:04-CR-00040-MR-WCM, 2021 WL 5022379, at *3 (W.D.N.C. Oct. 28, 2021). In *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), the Fourth Circuit held that Hobbs Act robbery categorically qualifies as a crime of violence to support a § 924 conviction. *Green* did not change that holding. *See United States v. Bennett*, 848 F. App'x 596, 597 (4th Cir. May 29, 2021) (unpublished) (holding that Hobbs Act robbery is a valid § 924(c) predicate, citing *Mathis*); *United States v. Vanderhorst*, No. 18-4717, 2021 WL 2947728, at *3 (4th Cir. July 14, 2021) (same); *Hallman v. United States*, No. 319-CR-00007-MOC, 2021 WL 2518218, at *3 (W.D.N.C. June 18, 2021) ("*Green* does not undermine *Mathis*' holding that Hobbs Act robbery is a crime of violence for § 924(c) purposes.").

As noted by the Government, the Court finds there is a basis to conclude Dewitt's "career-offender status is not affected because § 924(c) is still a crime of violence, so his § 924(c) conviction remains an independent basis for the enhancement." ECF No. 334 at 6. Thus, Dewitt would remain a career offender if resentenced today because (1) he was at least 18 years old at the time of the offense of conviction; (2) his Hobbs Act conviction in conjunction with his § 924(c) conviction can be a felony that is a crime of violence under U.S.S.G. § 4B1.1(c)(3),[4] and (3) he has at least two prior felony convictions of a crime of violence or controlled substance offense: his convictions for distribution

---

[4] Under the career offender section of the United States Sentencing Guidelines, a 924(c) conviction can remain an independent basis for a career offender enhancement because it is still a crime of violence. Section 4B1.1(c) states: "if the defendant is convicted of 18 U.S.C. § 924(c) or § 924(a), and the defendant is determined to be a career offender under subsection (a)," then the guidelines range shall be determined by that subsection.

> of crack cocaine and ABWIK. U.S.S.G. § 4B1.1(c)(3); *see also* U.S.S.G. § 4B1.1(a). Accordingly, Dewitt's guidelines sentence range would be the same today as it was at his original sentencing. He therefore cannot establish that extraordinary and compelling circumstances exist warranting relief.[5]

ECF No. 335 at 8–11 (footnotes in original).

In his motion for reconsideration, Dewitt does not contest this ruling. Instead, he asks for a reduction of 24 months of his sentence based on the new argument that the sentence for his § 924(c) conviction was improperly enhanced by 24 months because the element of "brandishing" was not submitted to the jury as required by *Alleyne.* ECF No. 338 at 3. The Court construes this as a new attempt to establish "extraordinary and compelling reasons." However, there is no persuasive merit to this argument.

First, this argument is procedurally barred. A motion to reconsider is not a proper vehicle for party to raise a new legal argument. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("[F]ederal courts generally have used Rule 59(e) only to reconsider matters properly encompassed in a decision on the merits . . . In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued . . . The motion [to reconsider] is therefore tightly tied to the underlying judgment.") (cleaned up)); *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 404 (4th Cir. 1998) ("Rule 59(e) may not be used to raise new arguments or present novel legal theories that could have been raised prior to judgment."). Here, Dewitt's motion to reconsider seeks to raise a new

---

[5] Because of this conclusion, there is no need to address the Government's alternative arguments.

legal theory. This legal theory could have been raised prior to the Court's judgment on his § 3582 motion. He cannot now raise it via a motion to reconsider.

Second, even if Dewitt could raise *Alleyne*, it is inapplicable to his case. Under *Alleyne,* facts that increase the mandatory minimum sentence are an "essential ingredient of the offense" which must be included in the indictment and found by a jury beyond a reasonable doubt. *Alleyne,* 133 S. Ct. at 2161–63 (2013) (holding that whether the defendant brandished the firearm was a fact that had to be found by the jury). Absent aggravating circumstances, section 924(c) convictions generally carry a mandatory minimum sentence of five (5) years imprisonment. 18 U.S.C. § 924(c)(1)(A)(i). However, in this case, because Dewitt was convicted of using a brandishing a firearm, his conviction was subject to a mandatory minimum sentence of 7 years. 18 U.S.C. § 924(c)(1)(A)(ii). Here, *Alleyne* is inapplicable because it was issued eight years after Dewitt was sentenced in 2005 and has not been deemed retroactive. It is therefore not a basis for establishing "extraordinary and compelling" reasons.

Third, even if *Alleyne* was applicable, Dewitt would be unable to establish "extraordinary and compelling reasons." Dewitt contends that, under *Alleyne*, the element of brandishing had to be submitted to the jury. ECF No. 338 at 3. This argument, however, ignores the fact that Dewitt pled guilty. *Alleyne* is therefore inapplicable because Dewitt admitted to facts establishing brandishing during his plea. *United States v. Frazier*, 572 F. App'x 239, 242 (4th Cir. 2014) (Brandishing "must be admitted by the defendant or proven beyond a reasonable doubt in order to

increase a defendant's mandatory minimum sentence.") (citing *Alleyne*, 133 S. Ct. at 2155); *Rice v. United States*, No. CR 7:99-902, 2015 WL 1726582, at *4 (D.S.C. Apr. 15, 2015 (finding *Alleyne* is not applicable when the defendant pled guilty to brandishing a firearm). Indeed, Count 2 of the Indictment, to which Dewitt pled guilty, charged him with brandishing a firearm:

### COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2004, in the District of South Carolina, the Defendants, JAMMY DERONE LEGETTE, MILTON LLOYD VEERAPEN, and IRBY GENE DEWITT, knowingly did use and carry a firearm, during and in relation to, and did possess the firearm in furtherance of, the crime of violence charged in Count 1 of this Indictment and in the course of committing this violation, the Defendants did brandish the firearm;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

ECF No. 44. Dewitt pled guilty to this Count and the facts supporting it—all of which charged him with brandishing. He makes no assertion that he was not properly advised of either the elements, of the Count, the facts supporting it, or the consequences of his plea. Similarly, Dewitt has not submitted any evidence showing that he was not advised that he was pleading to brandishing. *United States v. Absher*, No. 5:00-CR-00005-KDB-3, 2020 WL 4597310, at *1 (W.D.N.C. Aug. 11, 2020) (denying a motion for compassionate release because it was "conclusory and unsupported"); *see also Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *as amended* (Aug. 12, 1992) (holding that, in the context of habeas corpus petitions,

"[u]nsupported, conclusory allegations" are insufficient and "do not entitle a habeas petitioner to an evidentiary hearing."). Accordingly, the Court finds that, even if *Alleyne* applied, it is not a basis for establishing "extraordinary and compelling reasons."

The Court's prior order further concluded that, even if Dewitt had established "extraordinary and compelling reasons" warranting relief, his motion would still be denied based on an analysis and balancing of the § 3553(a) sentencing factors. Dewitt's motion for reconsideration does not explicitly challenge this ruling. However, it notes his alleged rehabilitation, the length of his sentence, and his past criminal conduct. These arguments factor into the Court's balancing of the § 3553(a) factors. The Court has reanalyzed and rebalanced the § 3553(a) factors. In doing so, the Court again concludes that they heavily weigh against relief. The Court's prior conclusion remains unchanged, and it adopts its earlier ruling, which it incorporates as follows:

> Assuming *arguendo* that Dewitt could establish "extraordinary and compelling" circumstances, the Court concludes that his motion would still be denied based on an analysis and balancing of the § 3553(a) factors.[6] As discussed in the previous section, the Court concludes that Dewitt remains a career offender. Should this not be the case, the Court concludes that Dewitt's sentence should not be reduced based on an analysis and balancing of the § 3553(a) factors because he still poses a danger—and great risk—to public safety. *See United States v. Crumitie*, No. 1:06-CR-271, 2022 WL 1809312, at *4 (M.D.N.C. June 2, 2022) (denying a defendant's § 3582 petition on the § 3553(a) factors because, even if "Hobbs Act robbery may no longer be a crime of violence for purposes of the enhancement in U.S.S.G. § 4B1.1, the crime Mr. Crumitie committed was, in fact, violent—he

---

[6] The Court has balanced those factors in light of the compassionate release issues not in play at the original sentencing. *Kibble,* 992 F.3d at 335 (Gregory, C.J., concurring).

brandished a firearm, pointed the firearm at the victim, and threatened the victim.").

In considering whether to reduce Dewitt's sentence, the Court has carefully reviewed Dewitt's PSR and considered the statutory penalties, the Guidelines range, applicable caselaw, and statutory law, the § 3553(a) factors, and his post-sentencing conduct. The Court concludes that he has not shown that extraordinary and compelling reasons warrant a sentence reduction given the § 3553(a) factors.

First, the Court concludes that "the nature and circumstances of the offense" weigh heavily against release or reduction. Along with the § 3553(a) factors, it is appropriate to highlight the facts of the instant offense and Dewitt's criminal history. The Court has already recited the offense conduct *supra*, which is outlined in more detail in Paragraphs 8–40 of the PSR.[7] The Court finds the incident establishing the offense conduct as outlined above and in the PSR to be violent and serious. The instant offense involved significant violent conduct. Dewitt and others committing an armed robbery of a Sprint PCS store where multiple victims were held at gunpoint and were forced to lie face down on the floor. PSR ¶¶ 9–11. Additionally, at least one female victim had her life threatened with a gun held to her head if she did not open the safe. *Id.* On this basis alone, the Court finds that Dewitt would pose a danger to public safety.

The Court has also reviewed Dewitt criminal history in analyzing and applying the relevant § 3553(a) factors. Prior to Dewitt's federal conviction for the instant offense conduct, he was convicted with several other criminal offenses beginning from the age of 17 years old, including for (1) distribution of crack cocaine, (2) criminal domestic violence, (3) ABWIK, and (4) burglary. *Id.* ¶¶ 45–47. In reviewing these convictions, the Court finds it necessary to recite the facts related to Dewitt's ABWIK conviction. *Id.* ¶ 47. At 1:00 a.m. on April 11, 1998, Dewitt, along with five codefendants, entered the residence of Raymond White with the intent to rob Mr. White. *Id.* Once inside, two of Dewitt's codefendants shot Mr. White in the backroom of the residence. *Id.* Meanwhile, in the front room of the residence, Dewitt and his other three codefendants shot Chris Wheeler, Tyrone Godbolt, Satrick Bethea, and Kenneth McBride. *Id.* All but Godbolt succumbed to their injuries. *Id.* The PSR does not make it clear which individual or individuals were shot by Dewitt—but he clearly participated in extremely violent conduct. Dewitt was arrested and convicted of assault and battery with intent to kill along with burglary 2nd degree.

---

[7] The Court incorporates these paragraphs in this order by reference.

> *Id.* He was sentenced to 20 years suspended to five years' probation on the ABWIK conviction and sentenced to 7 years on the burglary conviction. *Id.* Dewitt was also on state probation for these convictions when the instant offense conduct occurred. *Id.* ¶¶ 47, 51.
>
> In sum, Dewitt has committed serious offenses since he was 17 years old—including conduct which involved shooting others. Again, the PSR states, "Dewitt and the other three co-defendants shot Chris Wheeler, Tyrone Godbolt, Satrick Bethea, and Kenneth McBride. Bethea, McBride, and White died as a result of the shooting." *Id.* ¶ 47. His continued criminal conduct, despite his many run-ins with the law, demonstrates his disrespect for the law and his propensity to engage in further criminal conduct.[8] Upon review of the instant offense and Dewitt's criminal history, the Court concludes that § 3553(a)(2) (the need for the sentence imposed) weighs against release. Dewitt's sentence was—and is—necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from any further crimes committed by Dewitt.
>
> As to §§ 3553(a)(3)–(4), the Court has considered the kinds of sentences available and the sentencing range established for the offense. In doing so, the Court notes that Dewitt received a within guidelines sentence of 312 months, which is in the upper half of his guidelines range of 262–327 months. Thus, the Court concludes that these factors also weigh against release.
>
> As stated above, given the serious nature of the instant offense and Dewitt's violent criminal history, the sentence imposed was necessary to reflect the seriousness of the offense and to protect the public from any further crimes committed by Dewitt. Thus, the Court's 3553(a) analysis counsels that release is not warranted. It is therefore appropriate to require that Dewitt serve the rest of the sentence imposed.

ECF No. 335 at 11–15 (footnotes in original).

The Court again emphasizes its determination that the § 3553(a) sentencing factors weigh heavily against either a reduction in Dewitt's sentence or his release.

---

[8] The Court has also considered Dewitt's attempt to manufacture an alibi through the production of a false hotel receipt.

Moreover, the Court finds that Dewitt would pose a danger to public safety if he were released.

## CONCLUSION

The Court has reviewed its March 24, 2023 order denying Dewitt's motion for compassionate release, ECF No. 335. In doing so, the Court reaffirms this order. Here, Dewitt has asserted no recognizable ground for reconsideration under Rule 59. To the extent he seeks to assert *Alleyne* as a new, alternative basis for establishing "extraordinary and compelling reasons," the Court finds that he cannot meet this burden. Further, the Court reemphasizes its prior conclusion that, even if Dewitt could meet this burden, the § 3553(a) sentencing factors weigh against a reduction in Dewitt's sentence because he would pose a danger to the public safety. For the foregoing reasons, the Court **DENIES** Dewitt's motion for reconsideration, ECF No. 338.

### IT IS SO ORDERED.

                                                  *s/Terry L. Wooten*
                                                Senior United States District Judge

June 15, 2023
Columbia, South Carolina