IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Case No.: 4:04-CR-00795-JD |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Irby Gene Dewitt, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Irby Gene Dewitt's ("Defendant" or "Dewitt") Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (DE 357.) The Government filed a response in opposition.[1] (DE 364.) For the reasons stated below, Defendant's motion is denied.

## FACTUAL BACKGROUND

On July 11, 2005, Dewitt pled guilty in federal court to Armed Robbery and to Using a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, §§ 1951(a) and 924(c). A Presentence Report (PSR) was issued, and according to the PSR, Dewitt received 6 criminal history points for prior convictions. He was assessed two additional points for having committed the instant offense while on probation ("status points") for 8 points. This would have ordinarily resulted in a criminal history category of IV; however, because he was determined to be a career offender, his criminal history category became VI, with a resulting

---

[1] The Government initially filed a response at Docket Entry 362 consenting to Mr. Dewitt's requested relief but subsequently amended its response. (DE 364.)

1

guideline range of 262 to 327 months. On December 20, 2005, Dewitt was sentenced to 312 months. Dewitt's current projected release date is July 14, 2027. Dewitt seeks a sentence reduction under Amendment 821 to the United States Sentencing Guidelines.

**DISCUSSION**

Amendment 821 amends USSG § 4A1.1. *See* USSG Supp. to App. C, amend. 821 (effective Nov. 1, 2023). Section 4A1.1 calculates and determines the criminal history category under the sentencing guidelines. This section provides additional criminal history points if the offense was committed while the defendant "was under any criminal justice sentence." *See* USSG § 4A1.1(e). Previously, if a defendant was under a criminal justice sentence when he committed the offense, he received two "status points."[2] *See* § 4A1.1(d) (2021). Amendment 821 replaced the categorical two-point increase with a new, tiered approach. Under the new approach, if the defendant otherwise receives fewer than seven criminal history points, he receives no "status points," even if he committed the offense while under a criminal justice sentence. *See* § 4A1.1(e). Whereas, if the defendant otherwise receives seven or more criminal history points, he still receives a "status point," but only one. *See id.*

Typically, a criminal sentence is final, and a court "may not modify a term of imprisonment once it has been imposed." § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824 (2010). But there are exceptions. Relevant here, § 3582(c)(2) allows a

---

[2]    Status points refer to "the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status[.]" § 1B1.10. cmt. n.7.

2

court to reduce a sentence when a prisoner "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see Dillon*, 560 U.S. at 828 (noting that § 3582(c)(2) is intended to give prisoners "the benefit of later enacted adjustments to the judgments reflected in the Guidelines").

A "two-step inquiry" is used to determine whether § 3582(c)(2) authorizes a reduction. *Dillon*, 560 U.S. at 826–27. First, the court determines if the prisoner is eligible for a reduction. If the prisoner is not eligible, the court can stop there. *See United States v. Peters*, 843 F.3d 572, 577 (4th Cir. 2016) (noting that, where a prisoner is not eligible, the court need "not reach the discretionary second step"). But if the prisoner is eligible, the court moves to Step Two and determines whether—in its discretion—a reduction is appropriate.

Section 3582(c)(2) authorizes a court to reduce a sentence only when the reduction is "consistent with applicable policy statements." § 3582(c)(2); *cf. United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019) (referencing § 3582(c)(2)'s "attendant restrictions"). The applicable policy statement is found in USSG § 1B1.10. *See Dillon*, 560 U.S. at 819. Section 1B1.10 also contains several requirements to be met before a reduction is permitted. First, the reduction must be made under a retroactive amendment. *See* § 1B1.10(a)(2)(A). The Government concedes this step has been met.

Second, the amendment must "have the effect of lowering the defendant's applicable guideline range." *See* § 1B1.10(b). While Amendment 821 is retroactive,

3

it does not lower Dewitt's sentencing range, so § 3582(c)(2) does not authorize his sentence to be reduced. In his original Guidelines calculations, he received two "status points" because he committed the offense while under a criminal justice sentence—namely, probation from a 2001 conviction. But, other than the "status points," he received only 6 criminal history points. So, he would receive no "status points" under Amendment 821's new approach. Nevertheless, these points do not change Dewitt's sentencing range because he is a career offender. *See* USSG § 4B1.1(a). Therefore, he receives a criminal history category of VI "in every case," no matter how many criminal history points he receives. *See* USSG § 4B1.1(b).

Accordingly, Amendment 821 does not lower his sentencing range, and he is not eligible for a sentence reduction. *See* USSG § 1B1.10 cmt. n.1(A) (noting that, even where a retroactive amendment is "applicable to the defendant," a reduction is still "not authorized" if the amendment does not "lower[ ]" the prisoner's sentencing range "*because of the operation of another guideline.*" (emphasis added)); *see also United States v. Turner*, 671 F. App'x 203, 204 (4th Cir. 2016) (holding that prisoner was not eligible for a § 3582(c)(2) sentence reduction—even though the amendment "would ordinarily apply" to her—because her "status as a career offender was not affected by" the amendments).

Having considered the Defendant's motion and considering the policy statement outlined in U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that a reduction in sentence is not authorized.

4

## CONCLUSION

For the foregoing reasons, Defendant Irby Gene Dewitt's Motion to Reduce Sentence (DE 357) is denied.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 14, 2024

5